UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FLORES, et al., | Civil No. 11-1817-JM(WVG) |
| Plaintiffs, | ORDER DENYING PLAINTIFFS' APPLICATION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES |
| v. | |
| BANK OF AMERICA, et al., | ORDER SUSTAINING DEFENDANTS' OBJECTIONS TO PLAINTIFFS' |
| Defendants. | INTERROGATORIES NOS. 20-24 |

Plaintiffs and Defendants have informed the Court of a discovery dispute regarding Plaintiffs' interrogatories nos. 20-24 and Defendants' responses thereto. They have submitted a Joint Statement for Determination of Discovery Disputes ("Joint Statement"). The Court, having reviewed the Joint Statement, the authorities cited therein, the interrogatories at issue and the responses thereto, and GOOD CAUSE APPEARING, HEREBY DENIES Plaintiffs' application to compel further responses to the interrogatories and SUSTAINS Defendants' objections to the interrogatories.

1        A. Arguments

2        In Flores, Plaintiffs define the putative class as: "All persons in the United States who entered into a Loan Agreement (Interest Only to Fixed Rate) with Defendants but were not provided the agreed to loan modifications."

6        In Jones, Plaintiffs define the putative class as: "All persons in the United States who entered into a Loan Agreement (5-1 ARM 10 Year IO) with Defendants but were not provided the agreed to loan modifications."

10       Plaintiffs argue that the interrogatories seek information that is relevant to the class certification issues of numerosity, commonality and typicality. Plaintiff cites several cases that they believe supports the propriety of the discovery they seek. These cases are Bell v. Lockheed Martin, 270 F.R.D. 186 (D. NJ 2010), In re Bank of America Wage & Hour Litigation, 275 F.R.D. 534 (D. KS 2011), Vallabharpurapu v. Burger King, 276 F.R.D. 611 (N.D. Cal. 2007), and Putnam v. Eli Lilly, 508 F. Supp 2d 812 (C.D. Cal. 2007). Plaintiffs argue that these cases support their assertions that discovery outside of the putative class definition is proper and appropriate.

21       Defendants argue that the interrogatories are vague, overbroad, unduly burdensome, seek information outside the class definition, and implicate their customers' privacy interests. Further, Defendants contend that Plaintiffs have not shown good cause for the discovery they seek.

26       B. Ruling

27       When a court manages pre-class certification discovery, it must balance the need to promote effective case management, the need

1  to prevent potential abuse and the need to protect the rights of all
2  parties. Consequently, the discovery must be broad enough to give
3  plaintiffs a 'realistic opportunity to meet (the certification)
4  requirements.' However, it must also protect the defendants against
5  discovery that is irrelevant or invades privileged and confidential
6  areas. Pre-certification discovery is within the discretion of the
7  court, and limitations may be imposed within the court's discretion.
8  U.S. Equal Employment Opportunity Commission v. ABM Industries,
9  Inc., 2008 WL 5385618 at *4 (E.D. Cal. 2008) (citations omitted). A
10 class representative engaging in pre-certification discovery must
11 show good cause that warrants expansion of discovery beyond the
12 class, as defined in the complaint. Martinet v. Spherion Atlantic
13 Enterprises, 2008 WL 2557490 (S. D. Cal. 2008).

14       Here, the interrogatories are vague, overbroad and unduly
15 burdensome. Further, its appears to the Court that the only purpose
16 of Plaintiffs' interrogatories in issue in the Joint Statement is to
17 allow Plaintiffs to search for other customers of Defendants with
18 claims similar to those of the Plaintiffs in Flores and Jones,
19 without any factual connection to the Plaintiffs in Flores and Jones
20 other than that they are Defendants' customers who did not receive
21 loan modifications. In the Court's view, the type of discovery
22 sought by Plaintiffs constitutes a "fishing expedition" which would
23 be unduly burdensome for Defendants to further respond. Moreover,
24 Plaintiffs have failed to show good cause for the requested
25 discovery.

26       Plaintiff's cited cases do not apply in this case. Bell,
27 supra, is an employment discrimination class action in which the
28 discovery requests fell within the class definition or within the

1   general allegations of the complaint. Further, the court noted that
2   "' in employment discrimination cases, Courts generally grant wide
3   latitude to... plaintiffs who seek to conduct company wide discov-
4   ery, and the relevant issue is the extent to which the case involves
5   a common policy or practice.'" [citing <u>Gutierrez v. Johnson &</u>
6   <u>Johnson</u>, 2002 US Dist. LEXIS 15418 at *1 (D. NJ 2002).
7     Here, this case does not involve employment discrimination,
8   where the parties are afforded wide latitude to conduct discovery
9   and the requests fall outside the class definition. Further,
10  Plaintiffs do not allege a common practice or policy with regard to
11  Defendants' loan modification agreements.  Moreover, <u>Bell</u> is not
12  binding on this Court.
13    <u>Bank of America Wage & Hour Employment Practices Litigation</u>,
14  <u>supra</u>, is a class action regarding Bank of America's wage and hour
15  practices. The discovery requests in that case fell within the class
16  definition or within the general allegations of the complaint.
17  Plaintiffs in that case argued that the discovery sought would
18  likely provide relevant information regarding their claims. Bank of
19  America did not assert that it would be unduly burdensome to produce
20  the requested information.
21    Here, this case does not involve claims regarding wage and
22  hour practices and Defendants objected to the requested discovery
23  as, *inter alia,* unduly burdensome. Further, this case is not binding
24  on this Court.
25    <u>Vallabharpurapu</u> was a case arising under the Americans With
26  Disabilities Act ("ADA") in which Plaintiffs sought to certify a
27  class of persons who use wheelchairs or scooters for mobility.
28  Plaintiffs sought relevant discovery that was within the definition

of the class. The plaintiffs in this case asked the defendant to document the conditions of its restaurants before it made any alterations to them (to make them accessible to physically challenged customers), or to give them notice before such alterations were made. The defendants documented the conditions of the restaurants prior to making the alterations, but refused to provide the plaintiffs with the documentation or allow them to make their own inspections. The plaintiffs later learned that the defendant had made the alterations in its restaurants without giving the plaintiffs notice, so they could inspect the restaurants prior to the alterations being made. The only available evidence to document the conditions of the restaurants prior to the restaurants' alterations was in the defendant's possession. The court ruled that since the defendant precluded the plaintiffs from performing their own inspections, it was unfair for the defendants to withhold from the Plaintiffs the documentation of the pre-alteration inspections.

Here, this is not an ADA accessibility case. Further, Defendants have not prevented Plaintiff from obtaining relevant evidence related generally to the defined class.

<u>Putnam</u>, <u>supra</u>, is another class action regarding the defendants' wage and hour practices. In that case, the plaintiffs' requests were within the class definition. Further, the defendants did not offer any adequate explanation why the requested information was not relevant and discoverable.

Here, this is not a wage and hour practices case, and Defendants interposed valid objections to Plaintiffs' requests.

In each of the cases cited by Plaintiffs, the salient and distinguishing fact present, which is not present here, is that the

plaintiffs requested discovery that was within the class definition or the factual assertions generally asserted in the complaint. In this case, Plaintiffs seek discovery pertaining to categories of Defendants' customers, who may have applied for loan modifications under other programs, that fall well outside the class definition or any general allegations in the Complaint. This distinguishing factor is critical and, at this stage of discovery, militates against the broad discovery that Plaintiffs desire.

### 1. The Interrogatories and Responses

a. <u>Interrogatory No. 20</u> states:[1] The name(s) given by you to all of your home loan modification programs under which your customers were sent a loan modification agreement that was effective once the customer signed, notarized and timely returned the agreement.

Defendants responded to the interrogatory as being overbroad, unduly burdensome, and is vague as to the terms "all home loan modification programs" and "that was effective once the customer signed, notarized and timely returned the agreement."

The Court finds that the interrogatory is vague as to the meanings of the terms "all home loan modification *programs*" and "that was *effective* once the customer signed, notarized and timely returned the agreement." Further, the interrogatory, as stated, is overbroad and unduly burdensome for Defendants to further respond. Defendants' objections to this interrogatory are SUSTAINED.

b. <u>Interrogatory No. 21</u> states: Identify the documents you provide to your customers in conjunction with home loan modification

---

[1] The Court notes that counsel did not provide it with the actual interrogatories and responses at issue. The Court assumes that the interrogatories and responses stated in the Joint Statement are accurate.

requests or applications for all of your home loan modification programs under which your customers were sent a loan modification agreement that was effective once the customer signed, notarized and timely returned the agreement.

Defendants responded to the interrogatory as being overbroad, unduly burdensome, and vague as to the terms "all home loan modification programs" and "that was effective once the customer signed, notarized and timely returned the agreement."

The Court finds that the interrogatory is vague as to the meanings of the terms "all home loan modification *programs*" and "that was *effective* once the customer signed, notarized and timely returned the agreement." Further, the interrogatory, as stated, is overbroad and unduly burdensome for Defendants to further respond. Defendants' objections to this interrogatory are SUSTAINED.

c. <u>Interrogatory No. 22</u> states: Identify the documents and information you require from your customers to process loan modifications for all of your home loan modification programs under which your customers were sent a loan modification agreement that became effective once the customer signed, notarized and timely returned the agreement.

Defendants responded to the interrogatory as being overbroad, unduly burdensome, and vague as to the terms "all home loan modification programs" and "that was effective once the customer signed, notarized and timely returned the agreement."

The Court finds that the interrogatory is vague as to the meanings of the terms "all home loan modification *programs*" and "that was *effective* once the customer signed, notarized and timely returned the agreement." Further, the interrogatory, as stated, is

1 | overbroad and unduly burdensome for Defendants to further respond.
2 | Defendants' objections to this interrogatory are SUSTAINED.
3 |     d. <u>Interrogatory No. 23</u> states: For all of your home loan
4 | modification programs identified in Interrogatories nos. 19 and 20,
5 | state the total number of customers who were sent a loan modifica-
6 | tion agreement, signed and returned the agreement, and were not
7 | provided a loan modification.
8 |     Defendants responded to the interrogatory (and interrogatory
9 | no. 20) as being overbroad, unduly burdensome, and vague as to the
10 | terms "all home loan modification programs" and "that was effective
11 | once the customer signed, notarized and timely returned the
12 | agreement."
13 |     As the Court found with interrogatory no. 20, the interroga-
14 | tory is vague as to the meanings of the terms "all home loan
15 | modification *programs"* and overbroad as to the terms "signed,
16 | notarized returned the agreement." Further, the interrogatory, as
17 | stated, is unduly burdensome for Defendants to further respond.
18 | Defendants' objections to this interrogatory are SUSTAINED.
19 |     e. <u>Interrogatory No. 24</u> states: For each customer identified
20 | in interrogatory no. 23, state each customer's name, telephone
21 | number and address.
22 |     Defendants responded to the interrogatory as being
23 | overbroad, unduly burdensome, implicates the privacy interests of
24 | its customers, and vague as to the terms "all home loan modification
25 | programs" and "that was effective once the customer signed,
26 | notarized and timely returned the agreement."
27
28

   Since this interrogatory relates to interrogatory no. 23, and the Court has sustained Defendants' objections to interrogatory no. 23, it SUSTAINS Defendants' objections to interrogatory no. 24.

   Therefore, Defendants' objections to interrogatories nos. 20-24 are SUSTAINED and Plaintiffs' application to compel further responses to interrogatories nos. 20-24 is DENIED.

DATED: December 27, 2012

                *[signature]*
              Hon. William V. Gallo
              U.S. Magistrate Judge